J. Scott Carr (SBN 136706)
scarr@kcozlaw.com
Kristapor Vartanian (SBN 275378)
kvartanian@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
515 S. Flower Street, 36th Floor
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

Attorneys for Defendant TWC Administration LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN FULLER, an individual, LAURENCE GIBBS, an individual, MATTHEW LUTACK, an individua, and BRENT QUICK, an individual, on behalf of themselves and other similarly situated employees, <br><br> Plaintiffs, <br><br> v. <br><br> TWC ADMINISTRATION, LLC, a Delaware limited liability company, and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: **'17 CV1513 DMS AGS** <br><br> (San Diego Superior Court Case No. 37-2017-00014437-CU-OE-CTL) <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d), 1441 and 1446** |

## NOTICE OF REMOVAL OF ACTION

PLEASE TAKE NOTICE that Defendant TWC ADMINISTRATION LLC

("TWCA") hereby removes the below referenced action from San Diego County

Superior Court in the State of California to the United States District Court for the

Central District of California.  Removal is based on 28 U.S.C. §§ 1332(d), 1441, and 1446 on the following grounds:

## STATEMENT OF JURISDICTION

1.      Removal of this action is proper because this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"). *See 28* U.S.C. § 1332(d).  In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs.  CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## PLEADINGS, PROCESS, AND ORDERS

2.      On or about April 20, 2017, Plaintiff Carmen Fuller filed a Class Action Complaint in the San Diego County Superior Court in the State of California against TWCA entitled:  *Carmen Fuller, an individual, on behalf of herself and all others similarly situated v. TWCA Administration, LLC, a Delaware Limited Liability Company and DOES 1 through 10, inclusive*, Case No. 37-2017-00014437-CU-OE-CTL (the "State Court Action").  On June 22, 2017, Plaintiff Carmen Fuller filed a First Amended Complaint in which she added three new Plaintiffs, Laurence Gibbs, Matthew Lutack and Brent Quick, entitled: *Carmen Fuller, an individual, Laurence Gibbs, an individual, Matthew Lutack, an individual, and Brent Quick, an individual, on behalf of themselves and all others similarly situated v. TWCA Administration, LLC, a Delaware Limited Liability Company and DOES 1 through 10, inclusive*.  A true and correct copy of the Original Complaint filed in the State Court Action ("Complaint") is attached hereto as **Exhibit A**, and a true and correct copy of the First

1  Amended Complaint ("FAC") filed in the State Court Action is attached hereto as

2  **Exhibit B**.

3       3.      On June 26, 2017, counsel for TWCA accepted service of the FAC on

4  behalf of TWCA.

5       4.      In the FAC, Plaintiffs allege, among other things, recovery for the

6  following claims: (1) failure to provide meal periods; (2) failure to provide rest

7  periods; (3) failure to pay regular and minimum wages; (4) failure to pay overtime

8  compensation; (5) failure to furnish timely and accurate wage statements; (6) failure

9  to pay all wages due upon termination; and (7) violation of California's unfair

10 competition laws, Bus. & Prof. Code §§ 17200, *et seq.*  (Ex. B, FAC.)

11      5.      In addition to adding new Plaintiffs, the FAC also alleges a new, broader

12 putative class.  Specifically, Plaintiffs seek to represent a class ("Class") of:

13           *All current and former non-exempt employees of Defendant, employed*

14           *in California, who, during the class period, worked in a call center as*

15           *a Customer Service Professional, Technical Support Professional, or*

16           *a position with similar duties and/or job titles, and who has not signed*

17           *an arbitration agreement with Defendant as of the date of the filing of*

18           *this Complaint.*

19 (Ex. B, FAC, ¶ 22 (emphasis in original).)  Based on this broader class definition in

20 the FAC, Defendant initiated an investigation to determine whether the FAC may put

21 in controversy an amount in excess of $5 million.

22      6.      On July 20, 2017, TWCA filed an Answer to the FAC in the San Diego

23 County Superior Court in which it denied Plaintiffs' allegations and asserted various

24 defenses thereto.  A true and correct copy of the Answer is attached hereto as **Exhibit**

25 **C.**

26                    **PROCEDURAL PREREQUISITES**

27      7.      As required by 28 U.S.C. § 1446, a copy of all process and pleadings

28 served upon TWCA, as well as all other documents filed in the State Court Action are

attached hereto as **Exhibit D**.

8.    Pursuant to 28 U.S.C. § 1446(d), a removal notice, together with a copy of the instant Notice of Removal, shall be filed with the clerk of the Superior Court of the State of California in and for the County of San Diego, and shall be served on Plaintiffs.

9.    Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because the State Court Action is currently pending in this Judicial District.

## REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

### Jurisdiction Pursuant to the Class Action Fairness Act

10.    This Court has original jurisdiction of this action pursuant to CAFA. Section 4 of CAFA, 28 U.S.C. § 1332(d)(2), as amended, provides in pertinent part as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . .

11.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), and one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441(b) and 1446.

### Purported Class Action Under State Law

12.    This action has been styled as a class action.  (Ex. A, Compl., p.1.)

13.    The putative class in this case exceeds 1,300 members.  (Declaration of J. Scott Carr ("Carr Decl.") ¶ 12.)

### Diversity of Citizenship Exists

14.    Plaintiff Fuller admits that she is a resident of the State of Nevada, and the remaining Plaintiffs admit that they are residents of the State of California.  (Exh. A, Compl. ¶¶ 5–8.)  Plaintiffs are therefore citizens of the States of California and

Nevada.  *See* 28 U.S.C. § 1332(a)(1) (individual is citizen of state in which he or she is domiciled).

15.  Based upon the below, TWCA is a citizen of the States of Alabama, Connecticut, Delaware, and Missouri:

    a.  TWCA is a Delaware limited liability company with its principal place of business in Missouri.  TWCA's sole member is Time Warner Cable Enterprises, LLC ("TWCE"), a Delaware limited liability company with its principal business in Missouri.

    b.  The sole member of TWCE is Time Warner Cable, LLC ("TWC LLC"), a Delaware limited liability company with its principal place of business in Missouri.

    c.  The sole member of TWC LLC is Charter Communications Operating, LLC ("Charter Communications Operating"), which is a Delaware limited liability company with its principal place of business in Missouri.

    d.  The sole member of Charter Communications Operating is CCO Holdings, LLC ("CCO Holdings"), a Delaware limited liability company with its principal place of business in Missouri.

    e.  The sole member of CCO Holdings is CCH I Holdings, LLC ("CCH I Holdings"), a Delaware limited liability company with its principal place of business in Missouri.

    f.  The sole member of CCH I Holdings is CCHC, LLC ("CCHC"), a Delaware limited liability company with its principal place of business in Missouri.

    g.  The sole member of CCHC is Charter Communications Holding Company, LLC ("Charter Communications Holding Co."), a Delaware limited liability company with its principal place of business in Missouri.

NOTICE OF REMOVAL

h.  The sole member of Charter Communications Holding Co. is Spectrum Management Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri.

i.  The sole member of Spectrum Management Holding Company, LLC is Charter Communications Holdings, LLC ("Charter Communications Holdings"), a Delaware limited liability company with its principal place of business in Missouri.

j.  The members of Charter Communications Holdings are CCH II, LLC ("CCH II"), a Delaware limited liability company with its principal place of business in Missouri, and Advance/Newhouse Partnership, a New York partnership with its principal place of business in New York.

k.  The members of CCH II are Charter Communications, Inc., a Delaware corporation with its principal place of business in Connecticut, as well as Coaxial Communications of Central Ohio LLC ("Coaxial Communications"), Insight Communications Company LLC ("Insight Communications"), NaviSite Newco LLC ("NaviSite Newco"), and TWC Sports Newco LLC ("TWC Sports Newco"), all four of which are Delaware limited liability companies with principal places of business in Missouri.

l.  The sole member of Insight Communications, NaviSite Newco, and TWC Sports Newco is Charter Communications, Inc., a Delaware corporation with its principal place of business in Connecticut.  Insight Communications, NaviSite Newco, and TWC Sports Newco are therefore citizens of the States of Connecticut and Delaware.  *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006) ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

m. The sole member of Coaxial Communications is Insight Communications, a Delaware limited liability company with a principal place of business in Missouri, whose sole member is Charter Communications, Inc., a Delaware corporation with its principal place of business in Connecticut.  Because Insight Communications is a citizen of the States of Connecticut and Delaware, Coaxial Communications is a citizen of the States of Connecticut and Delaware.  *See Pramco, LLC*, 435 F.3d at 54 ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

n. Accordingly, since each of its members is a citizen of the States of Connecticut and Delaware, CCH II is a citizen of the States of Connecticut and Delaware for diversity purposes.  *See Pramco, LLC*, 435 F.3d at 54 ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

16.    The partners of Advance/Newhouse Partnership are A/NPC Holdings LLC ("A/NPC Holdings") and A/NP Holdings Sub, LLC ("A/NP Holdings Sub"), both Delaware limited liability companies with principal places of business in New York.

a. The sole member of A/NP Holdings Sub is A/NPC Holdings.

b. The members of A/NPC Holdings are Newhouse Cable Holdings LLC ("Newhouse") and Advance Communications Company LLC ("Advance Communications"), both New York limited liability companies with principal places of business in New York.

c. The sole member of Newhouse is Newhouse Broadcasting Corporation, a New York corporation with its principal place of business in New York.

NOTICE OF REMOVAL

d.  The sole member of Advance Communications is the Birmingham News Company, an Alabama corporation with its principal place of business in Alabama.

e.  Accordingly, A/NP Holdings Sub, A/NPC Holdings, and therefore Advance/Newhouse Partnership are citizens of the States of Alabama and New York for diversity purposes.  *Morson v. Kreindler & Kreindler, LLP*, 616 F. Supp. 2d 171, 173 (D. Mass. 2009) ("The citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all its members.").

f.  Because its members are citizens of the States of Connecticut, Delaware, Alabama and Missouri, Charter Communications Holdings is a citizen of the States of Alabama, Connecticut, Delaware, and Missouri for diversity purposes.  *See Pramco, LLC*, 435 F.3d at 54 ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

17.  Accordingly, at the time of the filing of this action and as of the date of this removal, TWCA is and has been a citizen of the States of Alabama, Connecticut, Delaware, New York and Missouri for purposes of determining diversity jurisdiction. *See id.* ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

18.  Therefore, Plaintiffs are citizens of a state different from Defendant, and complete diversity exists because Plaintiffs are citizens of a state different than TWCA.

## **Amount in Controversy**

19.  Plaintiffs' FAC is silent as to the total amount in controversy.  The failure of the FAC to specify the total amount of damages or other monetary relief sought by Plaintiffs, however, does not deprive this Court of jurisdiction.  *See Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *5 (C.D.

8

Cal. Dec. 26, 2007) (defendant may remove suit to federal court notwithstanding failure of plaintiff to plead specific dollar amount in controversy; if rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar amount upon its claim").  Defendant need only establish by a preponderance of the evidence that the claims exceed the jurisdictional minimum. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Saulic*, 2007 WL 5074883, at *5, *7.

20.    Notwithstanding Plaintiffs' failure to allege the total amount of monetary relief claimed, the Class Action Fairness Act authorizes the removal of class actions in which the aggregate amount in controversy for all potential class members exceeds $5,000,000.  *See 28* U.S.C. § 1332(d); *Muniz v. Pilot Travel Centers LLC*, No. CIV 5-07-0325 FCD EFB, 2007 WL 1302504, at *1 (E.D. Cal. May 1, 2007) (finding removal of action substantially similar to instant lawsuit proper under CAFA).  While Defendant denies Plaintiffs' claims of wrongdoing and denies their requests for relief thereon, the allegations in Plaintiffs' FAC and the total amount of wages, penalties, attorneys' fees, injunctive relief, and other monetary relief at issue in this action exceed this Court's jurisdictional minimum.  *See Saulic*, 2007 WL 5074883, at *7–9 (considering facts presented in notice of removal, including defendant's declarations, along with plaintiff's allegations in finding jurisdictional limits satisfied under CAFA); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (same). Specifically, the amount in controversy here exceeds $5,000,000, exclusive of interest and costs, calculated as follows:

a.    Plaintiffs assert claims for themselves and the putative class for, among other things: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay regular and minimum wages; (4) failure to pay overtime compensation; (5) failure to furnish timely and accurate wage statements; (6) failure to pay all wages due upon termination; and

(7) violation of California's unfair competition laws, Bus. & Prof. Code §§ 17200, *et seq.* (Ex. B, FAC.)

b. **Overtime Wages Calculation:** Plaintiffs seek to recover damages for alleged failure to pay overtime wages. (Ex. B, FAC ¶¶ 59–66.) Defendant denies this claim and has raised various defenses thereto. However, if members of the putative class were to prevail on this claim and are owed overtime wages, the amount in controversy for the putative class is at least $2,048,156.31. (Carr Decl. ¶ 12.) This amount in controversy was arrived at using only one (1) hour of unpaid overtime per week between April 14, 2013, and July 21, 2017. The specific method used in calculating the amount in controversy for this claim, including the basis for using one unpaid overtime hour per week, is set forth in the Declaration of J. Scott Carr filed contemporaneously herewith. (*Id.* at ¶¶ 8–12.) The number of putative class members for this claim exceeds 1,300. (*Id.* at ¶ 12.)

c. **Meal Period and Rest Period Calculations:** Plaintiffs seek to recover penalties for alleged failure to provide meal periods and rest periods. (Ex. B, FAC ¶¶ 31–47.) Defendant denies this claim and has raised defenses thereto. However, if members of the putative class were to prevail on this claim and are awarded penalties for failure to provide meal periods and rest periods, the amount in controversy for the putative class is at least $1,538,384.68. (Carr Decl. ¶ 16.) This amount in controversy was arrived using one (1) missed meal or rest period per each week for each putative class member. The specific method used in calculating the amount in controversy for this claim, including the basis for using one (1) missed meal or rest period per week is set forth in the Declaration of J. Scott Carr filed contemporaneously herewith. (*Id.* at ¶¶

10

13–16.)  The number of putative class members for these claims exceeds 1,100.  (*Id.* at ¶ 16.)

   d.  **Waiting Time Penalties Calculation:**  Plaintiffs allege entitlement to waiting-time penalties under the California Labor Code § 203 for members of the putative terminated class.  (Ex. B, FAC ¶¶ 74–77.) Labor Code § 203 provides that wages continue at an employee's daily rate of pay until the final wages are paid, or an action to recover them is commenced, up to a maximum of 30 days.  Defendant denies this claim and has raised various defenses thereto.  However, if members of the putative class were to prevail on this claim and are owed wages under Section 203, the amount in controversy for this claim is at least $1,988,051.60.  (Carr Decl. ¶¶ 17–19.)  The calculations establishing the amount in controversy on this claim are set forth in the Declaration of J. Scott Carr filed contemporaneously herewith.  (*Id.*)  The number of putative class members for this claim is 580.  (*Id.* at ¶ 19.)

   e.  Based on the amounts in controversy for the overtime claim [$2,048,156.31], the meal period and rest period claim [$1,538,384.68], and the waiting time claim [$1,988,051.60], the amount in controversy is at least $5,574,592.58, which exceeds the jurisdictional amount in controversy required for CAFA removal.  (Carr Decl. ¶ 20.)

   f.  Plaintiffs also seek to recover: (1) penalties for alleged failure to provide itemized wage statements; and (2) damages alleged under the California Business & Profession Code section 17200, *et seq.*  (Ex. B, FAC ¶¶ 65–94.)  The $5,574,592.58 amount in controversy does *not* include damages for these claims.

   g.  **Attorneys' Fees Calculation**:  Plaintiffs also seek reasonable attorneys' fees in the FAC.  (Ex. B, FAC, Prayer, ¶ J.)  It is well settled that, in

determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees. *See, e.g., Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155–56 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be twenty-five to thirty percent of the settlement.[1]

h.  Based on the foregoing, under the Class Action Fairness Act, Plaintiffs' claims for damages, penalties, attorneys' fees, and other monetary relief exceed the $5,000,000 jurisdictional limit of this Court, as required by 28 U.S.C. § 1332(d).

21.  Defendant has shown, by a preponderance of the evidence, that the amount in controversy based on the substantial allegations of Plaintiffs' FAC is greater than the jurisdictional amount of $5,000,000 required by CAFA.

22.  Although Defendant denies Plaintiffs' claims of wrongdoing and denies their requests for relief thereon, based upon the substantial allegations in Plaintiffs' FAC, and assuming *arguendo* Plaintiffs would be able to prove these allegations, the total amount of monetary relief sought by Plaintiffs and the proposed putative class members exceeds $5,000,000, exclusive of interest and costs. Therefore, removal of this action is appropriate.

## TIMELINESS OF REMOVAL

23.  Plaintiffs served the FAC on Defendant on June 26, 2017. Because the FAC broadened the class definition, Defendant initiated an investigation to determine whether the FAC may put in controversy an amount in excess of $5 million. This

---

[1] *See Abasi v. HCA, the Healthcare Co. Inc.*, No. CV 03-7606 (C.D. Cal. May 9, 2005) (approving $4,750,000 settlement for claims of unpaid overtime, meal and rest break periods; attorney's fee award totaling over $1,200,000).

Notice of Removal is timely in that it has been filed within thirty (30) days of the effective date of service of the FAC and the conclusion of Defendant's investigation determining that the amount put into controversy by the FAC exceeds $5 million.

<u>**NOTICE TO PLAINTIFFS**</u>

24.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be served on Plaintiffs' counsel of record.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for San Diego County Superior Court.

**WHEREFORE**, for the foregoing reasons, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.  Accordingly, Defendant respectfully requests that this action proceed in this Court.

DATED:  July 26, 2017                    KABAT CHAPMAN & OZMER LLP


By:    s/ J. Scott Carr
       J. Scott Carr

       Attorneys for Defendant
       TWCA ADMINISTRATION LLC

NOTICE OF REMOVAL

1

## **PROOF OF SERVICE**

2

3

### **U.S. DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA**

4
5

I am employed in the County of Fulton, State of Georgia; I am over the age of 18 and not a party to the within action; my business address is 171 17th Street NW, Suite 1550, Atlanta, Georgia 30363.

6
7
8
9

On July 26, 2017, I served the foregoing document(s) described **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d), 1441 and 1446** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

10
11
12
13
14

☒    **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Atlanta, Georgia. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

15
16

☐    **(BY EMAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

17
18
19

☐    **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

20
21

☐    **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the below named addressee(s).

22
23

☐    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24
25

☒    (Federal) I declare that I am employed in the office of a member of the bar ot this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

26

Executed on July 26, 2017, at Atlanta, Georgia.

27

s/ Shirl Washington_____
Shirl Washington

28

PROOF OF SERVICE

1

**SERVICE LIST**

2
David Markham, Esq.
3
THE MARKHAM LAW FIRM
750 B Street, Suite 1950
4
San Diego, CA  92101

5
Walter L. Haines
6
UNITED EMPLOYEES LAW GROUP, PC
5500 Bolsa Avenue, Suite 201
7
Huntington Beach, CA  92649

8

9
*Attorney for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28