| | |
|---|---|
| 1 | J. Scott Carr (SBN 136706) |
|   | scarr@kcozlaw.com |
| 2 | Joseph W. Ozmer II (SBN 316203) |
|   | jozmer@kcozlaw.com |
| 3 | KABAT CHAPMAN & OZMER LLP |
|   | 333 S. Grand Avenue, Suite 2225 |
| 4 | Los Angeles, CA 90071 |
|   | Telephone: (213) 493-3980 |
| 5 | Facsimile: (404) 400-7333 |

Attorneys for Defendant
TWC Administration LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE GIBBS, an individual, MATTHEW LUTACK, an individual, BRENT QUICK, an individual, and JESSICA HUENEBERG, an individual, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>TWC ADMINISTRATION, LLC, a Delaware Limited Liability Company and DOES 1 through 10, inclusive<br>Defendants. | CASE NO.: 3:17-cv-01513-DMS-AGS<br><br>Hon. Dana M. Sabraw<br><br>**DECLARATION OF J. SCOTT CARR IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[*Notice of Motion and Motion; Memorandum in Support; Separate Statement of Undisputed Facts; and Declaration of Tassa King filed concurrently herewith*]<br><br>Date: September 20, 2019<br>Time: 1:30 p.m.<br>Place: Courtroom 13A |

DECLARATION ISO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, J. Scott Carr, declare as follows:

1. I am Of Counsel for Kabat Chapman & Ozmer LLP and an attorney of record for Defendant TWC Administration LLC ("TWC") in the above-captioned matter. I have personal knowledge of the matters set forth herein. If called and sworn as a witness, I could and would competently testify thereto.

2. TWC took the deposition of Plaintiff Laurence Gibbs on December 17, 2018. Attached hereto as **Exhibit 1** are relevant excerpts of the transcript of that deposition. Attached hereto as **Exhibits 2, 3, and 4** are Exhibits 15, 19, and 21 to the Gibbs deposition.

3. TWC took the deposition of Plaintiff Jessica Hueneberg on May 17, 2017. Attached hereto as **Exhibit 5** are relevant excerpts of the transcript of that deposition, including any cited exhibits thereto. Attached hereto as **Exhibits 6, 7, 8, 9, 10, 11, and 12** are Exhibits 4, 6, 7, 8, 9, 10, and 11 to the Hueneberg deposition.

4. TWC took the deposition of Plaintiff Matthew Lutack on December 18, 2018. Attached hereto as **Exhibit 13** are relevant excerpts of the transcript of that deposition, including any cited exhibits thereto. Attached hereto as **Exhibits 14 and 15** are Exhibits 23 and 24 to the Lutack deposition.

5. TWC took the deposition of Plaintiff Brent Quick on December 20, 2018. Attached hereto as **Exhibit 16** are relevant excerpts of the transcript of that deposition, including any cited exhibits thereto. Attached hereto as **Exhibit 17** is Exhibit 28 to the Quick deposition.

6. During discovery, TWC provided Plaintiffs with timekeeping records establishing when they clocked in. We have analyzed Plaintiffs' clock-in times and have determined that Plaintiffs routinely clocked in before shift start. For example, during the month of July 2014, Quick clocked in before the start of his 5:00 p.m. to 2:00 a.m. shift 13 out of the 23 days he worked that month. (See **Exhibit 18** hereto QUICK000146-QUICK000150.) Similarly, Lutack clocked in before the start of his 3:30 p.m. to 12:30 a.m. shift 16 out of the 19 days he worked during the month of

May 2013.  (See **Exhibit 19** hereto LUTACK000281-LUTACK000284.)  During the month of July 2013, Gibbs clocked in before the start of his 1:30 p.m. to 10:30 p.m. shift 19 out of the 20 days he worked that month.  (See **Exhibit 20** hereto GIBBS000160-GIBBS000162.)  In May 2016, Hueneberg clocked in before the start of her 5:45 a.m. to 2:45 p.m. shift 12 out of the 13 days she worked that month. (See **Exhibit 21** hereto TWC000255-TWC000258.)

7.     During discovery, TWC provided Plaintiffs with time detail records for a 10% sample of putative class members in this action, Bates-labeled TWCA005424-TWCA0008214.  We have analyzed those records and determined that TWC paid 254 meal period premiums to the 90 individuals in the sample.  Similarly, Plaintiffs' time detail records also show that each of them received meal period premiums.

8.     True and correct copies of Plaintiff Hueneberg's original complaint against TWC (prior to her joining the instant action) and her Private Attorneys General Act  ("PAGA") letter to the Labor and Workforce Development Agency ("LWDA") are attached hereto, collectively, as **Exhibit 22**.  Neither the complaint nor Hueneberg's letter contains any claim that TWC allegedly violated the law by not providing her with timely rest breaks.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 26, 2019, at Atlanta, Georgia.

*/s/ J. Scott Carr*
J. Scott Carr