# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE GIBBS, an individual, MATTHEW LUTACK, an individual, BRENT QUICK, an individual, and JESSICA HUENEBERG, an individual, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>TWC ADMINISTRATION, LLC, a Delaware Limited Liability Company and DOES 1 through 10, inclusive Defendants. | CASE NO.: 3:17-cv-01513-DMS-AGS<br><br>Hon. Dana M. Sabraw<br><br>**ORDER AND JUDGMENT GRANTING APPROVAL OF PAGA SETTLEMENT** |

1 Plaintiffs' Laurence Gibbs, Matthew Lutack, Brent Quick, and Jessica Hueneberg ("Plaintiffs") and Defendant TWC Administration LLC's ("Defendant") (collectively with Plaintiff, the "Parties") Joint Motion for Approval of PAGA Settlement was submitted on November 13, 2020. The Court considered the Joint Motion, along with the PAGA Settlement Agreement (the "Settlement Agreement"), the submissions of counsel, and all other papers filed in this action.

After review of all pleadings, briefs, and evidence in the record, and the matter having been submitted and good cause appearing therefore, the Court finds as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement filed with this Court.

2. Plaintiffs Laurence Gibbs, Matthew Lutack, Brent Quick, and Jessica Hueneberg on behalf of themselves and as proxy/agents for the State of California and the California Labor Workforce Development Agency ("LWDA"), and Defendant TWC Administration LLC, through their counsel of record, have reached an agreement to settle the Private Attorneys General Act ("PAGA") claim alleged in this action.

3. The Court finds that Parties complied with Labor Code section 2699(l)(2) by submitting a copy of the settlement to the Labor and Workforce Development Agency ("LWDA") on November 13, 2020.

4. Pursuant to Labor Code section 2699(l)(2), the Court has reviewed the settlement and finds the proposed Settlement of PAGA claims to be fair and reasonable.

5. The Court approves and confirms the release and waiver of claims provided for in the Settlement Agreement. As defined in the Settlement Agreement, the individuals covered by this Settlement and its releases are "all persons who were employed by Defendant as customer service professionals in the State of California at any time from April 20, 2015 through the date of the order approving the Settlement ("Aggrieved Employees")."

6. The Court approves and confirms the payment of PAGA penalties to the LWDA in the amount of $6,750.00 (75% of the penalties) and to Aggrieved Employees

in the amount of $2,250.00 (25% of the penalties) as set forth in the Settlement Agreement. Upon entry of this Order, the Parties shall effectuate and act in accordance with all terms of the Settlement Agreement.

7. The Order and Judgment approving this Settlement is hereby entered pursuant to the terms of the Settlement Agreement. Without affecting the finality of this Order and Judgment, the Court retains jurisdiction to oversee administration and enforcement of the terms of the settlement and the Court's orders.

8. Both Parties shall bear their own costs and fees incurred in connection with entering into this Settlement Agreement. Pursuant to Labor Code section 2699(l)(3), Plaintiffs shall submit a copy of this Order to the LWDA within 10 days of entry of this Order and Judgment.

9. The Parties shall submit a declaration regarding the status of the uncashed settlement checks by May 14, 2021. Funds represented by uncashed settlement checks shall be tendered to the Controller of the State of California to be held pursuant to the Unclaimed Property Law for the benefit of those Aggrieved Employees who did not cash their checks.

**IT IS SO ORDERED.**

Dated: November 16, 2020

Hon. Dana M. Sabraw
United States District Judge